# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| MICHAEL D. JACKSON,<br>    Petitioner, | Case No. 1:12-cv-230 |
| vs. | Spiegel, J.<br>Wehrman, M.J. |
| WARDEN, LEBANON<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on respondent's motion to dismiss and petitioner's response in opposition. (Docs. 7, 11).

## I. FACTUAL BACKGROUND

The Ohio Court of Appeals, First Appellate District, provided the following summary of the facts that led to petitioner's conviction and sentence:[1]

> The evidence presented at trial established that an ongoing feud existed between Jackson and the victim of these offenses, Ronald Dickerson. On February 13, 2008, Jackson and Dickerson were involved in a verbal argument outside a United Dairy Farmers convenience store. Following this argument, Jackson provided a ride home to Serena Andrews, a young woman whom Dickerson had been dating. On this ride, Jackson repeatedly stated that "I'm going to hurt him" in reference to Dickerson.
>
> The following morning, February 14, 2008, Jackson again encountered Dickerson at United Dairy Farmers. Jackson left the store upon seeing Dickerson outside. A store employee testified that she had seen Jackson and Dickerson arguing, and

---

[1] 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence." Because petitioner has neither cited nor presented clear and convincing evidence to rebut the Ohio Court of Appeals' factual findings quoted herein, the state appellate court's factual findings are presumed to be correct. *See McAdoo v. Elo,* 365 F.3d 487, 493-94 (6th Cir. 2004).

>that she had heard Jackson ask, "Why I got to wait on my money?"  The argument between Jackson and Dickerson escalated, and testimony established that Jackson had chased Dickerson across the street, into the yard of the home where Dickerson had been staying.  Dickerson's cousin Bobby Stevenson III had been inside that home at this time.  Stevenson testified that he had heard gunshots and looked out the window.  He saw Dickerson lying on the ground and witnessed Jackson walk towards Dickerson's body and shoot him in the head.  Kizuwanda Bullock had also been inside the home and she too witnessed Jackson shoot Dickerson in the head.  Jackson fled, but later that day he surrendered to the police.

(Doc. 7, Ex. 11, pp. 1-2).

## II. PROCEDURAL HISTORY

### State Trial Proceedings and Appeal

On February 22, 2008, the Hamilton County, Ohio, grand jury returned a seven count indictment, charging petitioner with Aggravated Murder, Murder, two counts of Felonious Assault, two counts of Having Weapons While Under Disability, and Carrying Concealed Weapons.  (Doc. 7, Ex. 1).  On February 29, 2008, petitioner pled not guilty to all charges.  (Doc. 7, Ex. 2).  He subsequently entered a written plea of not guilty by reason of insanity.  (Doc. 7, Ex. 3).  After a court-ordered psychiatric examination, petitioner was found competent to stand trial.  (Doc. 7, Ex. 4 & 5).  On June 9, 2009, following a jury trial, petitioner was found guilty of Aggravated Murder, Murder, two counts of Felonious Assault, and two counts of Having Weapons While Under Disability.  (Doc. 7, Ex. 6).  Petitioner was acquitted of the count of Carrying Concealed Weapons upon his motion for a judgment of acquittal during trial.  *Id.*  On June 16, 2009, petitioner received total aggregate sentence of thirty-three years to life in the department of corrections.[2]

---

[2] Petitioner received a thirty-year sentence for his aggravated murder conviction and three years for his murder conviction.  The sentences on the remaining convictions were either ordered to be served concurrently or were merged with the aggravated murder sentence.  (Doc. 7, Ex. 7).

On June 23, 2009, through counsel, petitioner filed a notice of appeal in the Ohio Court of Appeals. (Doc. 7, Ex. 8). In his appellate brief, petitioner raised the following five assignments of error:

1. The trial court erred to the prejudice of the defendant-appellant by not granting the Rule 29 motion as there was insufficient evidence to convict.

2. The trial court erred to the prejudice of the Defendant-Appellant because the verdict was against the manifest weight of the evidence.

3. The defendant received ineffective assistance of trial counsel when counsel failed to argue self defense.

4. The defendant-appellant was denied due process of law and subject to cruel and unusual punishment when the court sentenced him to a life sentence.

5. The defendant-appellant was denied due process of law when the court denied jury instructions on voluntary manslaughter.

(Doc. 7, Ex. 9). On May 26, 2010, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the judgment of the trial court. (Doc. 7, Ex. 11).

Petitioner filed a pro se notice of appeal to the Ohio Supreme Court on June 30, 2010. (Doc. 7, Ex. 12). In his memorandum in support of jurisdiction he raised the same claims presented to the Ohio Court of Appeals on direct appeal. (*See* Doc. 7, Ex. 9, 13). On September 29, 2010, the Ohio Supreme Court denied leave to appeal and dismissed the appeal "as not involving any substantial constitutional question." (Doc. 7, Ex. 15).

**Application to Reopen Appeal**

On August 25, 2010, during the pendency of his appeal to the Ohio Supreme Court, petitioner filed a pro se application to reopen his appeal pursuant to Appellate Rule 26(B). (Doc. 7, Ex. 16). Therein, petitioner presented five assignments of error that he claimed his appellate counsel failed to raise:

3

      1. Ineffective Assistance of Counsel.

      2. Prosecutorial Misconduct

      3. The Prosecutor failed to disclose exculpatory evidence

      4. The State failed to properly preserve and catalog the evidence

      5. The State (sic) to grant defendant's counsel the right to inspect witness statements

*Id.* On February 14, 2011, the Ohio Court of Appeals denied petitioner's application, finding that petitioner "did not file his application within the time prescribed by App.R. 26(B)(1), and he does not offer a showing of good cause justifying his filing delay." (Doc. 7, Ex. 19).

Petitioner filed a pro se notice of appeal to the Ohio Supreme Court on March 15, 2011. (Doc. 7, Ex. 20). In his memorandum in support of jurisdiction, petitioner raised the following five propositions of law:

      1. Ineffective Assistance of Counsel.

      2. Prosecutorial Misconduct

      3. Failure to disclose exculpatory evidence

      4. Failure to properly preserve and catalog the evidence

      5. Failure to grant Defendant's counsel the right to inspect witness statements

(Doc. 7, Ex. 21). On May 4, 2011, the Ohio Supreme Court dismissed the appeal "as not involving any substantial constitutional question." (Doc. 7, Ex. 23).

**Post-Conviction Petition**

On September 1, 2010, during the pendency of his application to reopen his appeal, petitioner filed a petition to vacate or set aside judgment of conviction or sentence. (Doc. 7, Ex. 24). Therein, petitioner raised the following single constitutional claim:

      [P]etitioner was deprived of the Fifth and Fourteenth Amendments of the United

> States Constitution, and section 16, Article I of the Ohio Constitution right to due process because of perjury committed by the State's witness.

*Id.* The trial court denied the petition as untimely on September 27, 2010. (Doc. 7, Ex. 25). Petitioner did not seek further review from the Ohio Supreme Court.

## Federal Habeas Corpus

Petitioner filed the instant federal habeas petition on March 6, 2012.[3] (Doc. 1). In the petition, petitioner raises the following six grounds for relief:

> **GROUND ONE:** Sufficiency of the evidence in violation of the 5th & 14th amendments
>
> **Supporting Facts:** All essential elements of the indictment for Aggravated Murder not proven beyond a reasonable doubt. Evidence was adduced at trial only supports conviction for Voluntary Manslaughter at best if not self-defense in violation of the 5th and 14th amendments
>
> **GROUND TWO:** Ineffective assistance of trial counsel in violation of the 5th, 6th & 14th amendments.
>
> **Supporting Facts:** Trial counsel failed to raise self-defense, failed to object to prosecutorial misconduct, failed to use newly discovered evidence and eyewitness all of which violates the Petitioner's constitutional rights under the 5th, 6th & 14th amendments.
>
> **GROUND THREE:** Ineffective assistance of appellate counsel violating the 5th, 6th & 14th amendments
>
> **Supporting Facts:** Counsel on appeal failed to raise stronger claims of prosecutorial misconduct, ineffective assistance of trial counsel, failure to disclose exculpatory evidence by the State (Brady Violation), failure to properly preserve and catalog evidence all which would have changed the outcome of the appeal which violates the Petitioner's constitutional rights as well as his failure to raise the

---

[3] The petition was stamped as "filed" with the Court on March 20, 2012. (Doc. 1, p. 1). Petitioner avers, however, that he placed the petition in the prison mailing system for delivery to the Court on March 6, 2012. (*See* Doc. 1, p. 16). Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on March 6, 2012.

issue of the Court's failure to grant Defense request to inspect witnesses statements all of which is in violation of the 5th, 6th & 14th.

**GROUND FOUR:** Prosecutorial misconduct in violation of the 5th & 14th amendments

**Supporting Facts:** Prosecutor lead witnesses improperly, obstructed eye witness testimony, failed to turn over exculpatory evidence which was material to defense, mischaracterized the evidence, misstated facts, testified to his belief and opinion of the evidence and made other improper comments all of which violated Petitioner's right to a fair trial and the due process of law guaranteed him by the 5th and 14th Amendments.

**GROUND FIVE:** Excessive sentence in violation of the 5th, 8th and 14th amendments

**Supporting Facts:** Petitioner's life sentence constitutes cruel and unusual punishment which violates his constitutional right to a fair trial, the due process of law and the right to be free of cruel and unusual punishment guaranteed him by the 5th, 8th, and 14th amendments.

**GROUND SIX:** Court failed to instruct the jury on voluntary manslaughter/lessor included offenses in violation of the 5th & 14th amendments

**Supporting Facts:** Despite the fact that evidence was adduced at trial to support an instruction for voluntary manslaughter/lessor included offenses since it was show the decedent was killed with his own weapon and the Petitioner was unarmed, the trial court refused to instruct the jury as to the lessor included offenses which violates the Petitioner's right to a fair trial and the due process of law under the 5th and 14th amendments

(Doc. 1).

Respondent has filed a motion to dismiss the petition on the ground that it is time-barred.

(Doc. 7).

### III. RESPONDENT'S MOTION TO DISMISS SHOULD BE GRANTED BECAUSE THE PETITION IS TIME-BARRED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

Petitioner has not argued, nor is there evidence in the record to suggest, that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to his claims. Petitioner has not alleged that a State created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Furthermore, petitioner's grounds for habeas relief are based on alleged errors that occurred during the trial proceedings or on direct appeal. Since petitioner was aware of the facts underlying his claims by the close of trial and before the conclusion of the direct review proceedings, his grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

In this case, the Ohio Supreme Court dismissed petitioner's appeal on September 29, 2010.

(Doc. 7, Ex. 15).  Because "direct review" of petitioner's conviction included review by the United States Supreme Court, *see Lawrence v. Florida,* 549 U.S. 327, 333 (2007); *Clay v. United States*, 537 U.S. 522, 527-528 (2003); *Bronaugh v. Ohio,* 235 F.3d 280, 283 (6th Cir. 2000), the statute of limitations began to run when the ninety-day period expired for filing a petition for certiorari to the United States Supreme Court from the state supreme court's decision.  *Clay*, 537 U.S. at 525; *Bronaugh,* 235 F.3d at 283.  Accordingly, petitioner's conviction became final December 28, 2010, when the ninety-day period for seeking certiorari from the United States Supreme Court expired.  The statute of limitations began running the next day on December 29, 2010, and expired one year later on December 29, 2011 absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.  Fed. R. Civ. P. 6(a); *Bronaugh*, 235 F.3d at 285.  Petitioner filed his habeas petition on March 6, 2012.  (Doc. 1).  Therefore, the petition is time-barred unless the limitations period is tolled by statute or otherwise.

During the one-year limitations period, petitioner was entitled to statutory tolling under § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review.  *See* 28 U.S.C. § 2244(d)(2).  *See also Holland v. Florida,* — U.S. —, 130 S.Ct. 2549, 2554 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (*per curiam*); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003).  In this case, petitioner filed an application to reopen his appeal on August 25, 2011 and a petition to vacate or set aside judgment of conviction on September 1, 2010.  (Doc. 7, Ex. 16 & 24).  However, petitioner is not entitled to statutory tolling during the pendency of these applications because in both instances the Ohio courts denied the filings as being untimely.  (See Doc. 7, Ex. 19 & 25).  Petitioner filed a timely appeal from the Court of Appeals' denial of his application to reopen on March 15, 2011, seventy-six days after the

8

limitations period began to run. Because his appeal appears to have been properly filed, the limitations period was tolled for fifty days, until May 4, 2011, when the Ohio Supreme Court dismissed the appeal. (*See* Doc. 7, Ex. 23). The statute of limitations commenced running the next day and expired 289 days later, on February 20, 2012.[4] Because petitioner did not file his habeas petition until March 6, 2012, the petition is time-barred unless he demonstrates he is entitled to equitable tolling.[5]

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)), *petition for cert. filed,* Nos. 11-10643, 11A869 (U.S. Apr. 25, 2012). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005).

---

[4] Petitioner had 289 days to file his habeas petition when he appealed from the denial of his application to reopen. The clock started to run on March 5, 2011, the day after his appeal was dismissed, and expired on Saturday, February 18, 2012. Because the statute of limitations period expired on a weekend, petitioner had through Monday, February 20, 2012 to file his habeas petition.

[5] Petitioner has argued that his untimely application to reopen should be considered timely because the Ohio Supreme Court did not dismiss his subsequent appeal as time-barred. (Doc. 11, pp. 2-4). This argument is without merit. As noted above, petitioner's appeal to the Ohio Supreme Court appears to have been timely filed. Neither this fact nor the Ohio Supreme Court's dismissal of his appeal "as not involving any substantial constitutional question" results in his initial post-conviction petition being considered properly filed for the purposes of calculating the statute of limitations in this case. *Cf. Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991) (holding that where the last state court to render a reasoned opinion explicitly relies on a procedural bar, the court will presume that a later unexplained order did not silently disregard the procedural default and consider the merits of the claim); *Smith v. Warden*, No. 1:10-cv-673, 2011 WL 6817822, at *9 (S.D. Ohio Dec. 28, 2011) (Report and Recommendation), *adopted*, 2012 WL 3028512 (S.D. Ohio July 25, 2012) ("The Ohio Supreme Court's later unexplained entry denying petitioner leave to appeal and summarily dismissing the appeal 'as not involving any substantial constitutional question' must be presumed to rely on the same state procedural ground.").

Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir.), *cert. denied,* 132 S.Ct. 456 (2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner contends that he is entitled to equitable tolling in this case. First, he claims that the Court should toll the limitations period during the pendency of his application to reopen. According to petitioner, his application was received by the Ohio Court of Appeals one day after the expiration of the ninety-day filing period. (Doc. 11, p. 2). Petitioner asks the Court to excuse the untimely filing "because the one day tardiness is the fault of the prison mail room, as the prison officials unduly held this petitioner's filing for an unreasonably long time despite the fact that they were clearly marked as 'Legal Mail' and addressed to the Clerk of Courts." *Id.* Petitioner claims to have placed his application in the prison mailing system ten days prior to the filing deadline. *Id.*

In essence, petitioner asks the Court to apply the federal "mailbox rule" in order to toll the limitations period during the pendency of his state post-conviction application. Under federal law, a pro se prisoner's notice of appeal is considered "filed" when he delivers his documents to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266 (1988). Ohio does not have a prison mailbox rule and therefore considers pleadings filed on the day it is filed with the court. *See Hall*, 662 F.3d at 753; *Vroman*, 346 F.3d at 603. "There is a split in authority as to whether the federal mailbox rule, or state law, applies to state filings for the purposes of computing the

statute of limitations for a federal habeas filing."  *Simmons v. Atchison*, _ F.Supp.2d _, No. 11-c-3596, 2012 WL 3006913, at *2-3 (N.D. Illinois July 23, 2012) (finding that the Fifth, Sixth, Tenth and Eleventh Circuits have held that state law must be used to determine the filing dates for state court post-conviction petition, while the Second and Ninth circuits apply the federal mailbox rule).  However, while the Sixth Circuit has instructed that federal courts should defer to state court decisions on state law, including whether or not a post-conviction petition was timely filed, the Court may still grant petitioner equitable tolling if he makes the requisite showing.  *See Vroman*, 346 F.3d at 604-606.

In at least one case decided prior to the Supreme Court's ruling in *Holland*, the Sixth Circuit found equitable tolling to be warranted on facts similar to the instant case.  In *White v. Curtis*, 42 F. App'x 698 (6th Cir. 2002), the petitioner sought to file an application for leave to appeal to the Michigan Supreme Court.  Although the petitioner delivered his application to prison officials two days before the applicable filing deadline, the application was not received by the state supreme court until one day after the expiration of the filing period and was rejected as untimely.  The district court found that because the petitioner "did not timely file his direct appeal to the Michigan Supreme Court, the 90-day time period in which he could have filed a petition for a writ of certiorari with the United States Supreme Court did not serve to delay the start of the limitations period."  *Id.* at 699.  As noted by the Sixth Circuit, "if prison officials had delivered his appeal one day earlier, or if Michigan had adopted the federal 'mailbox rule,' White's appeal to the Michigan Supreme Court would have been timely and there would have been no question but that his § 2254 petition would also have been timely."  *Id.* at 700.  Based on the factors set forth

in *Andrews v. Orr,* 851 F.2d 146 (6th Cir.1988),[6] "as well as the apparent justice in granting a state appellant the equitable benefit of the federally-accepted 'mailbox rule' for purposes of tolling a federal statute of limitations," the Sixth Circuit held that petitioner was entitled to equitable tolling. *White*, 42 F. App'x at 700-701.

      Following the Supreme Court's decision in *Holland*, however, the Sixth Circuit has held that the analysis in *White* does not survive *Holland* or has cited *White* in granting equitable tolling in cases distinguishable from the instant case. In *Johnson v. United States*, 457 F. App'x 462 (6th Cir. 2012), for example, the Sixth Circuit noted that *White* was decided under the five-factor inquiry set forth in *Andrews*, which considered factors such as the petitioner's lack of notice of the filing requirement, absence of prejudice to the respondent and the petitioner's reasonableness in remaining ignorant of the filing requirement. *See id.* at 470-71. The Court further indicated that *White* "does not survive *Holland*, which focuses on whether extraordinary circumstances prevented a timely filing, and it is questionable whether [the] case would be decided the same way under the two-part test that now controls when equitable tolling applies." *Id. See also Vroman*, 346 F.3d at 605 n.3 (finding *White* distinguishable and equitable tolling unwarranted "[a]part from the question of whether *White* was correctly decided."); *Thomas v. Sexton*, No. 1:11-cv-283, 2012 WL 3611866, at *5-6 (E.D. Tenn. Aug. 21, 2012) (distinguishing *White* and noting that "[a]lthough a Petitioner's due diligence is a factor in both the *Andrews* and *Holland* test, the *Andrews v. Orr* factors include a petitioner's lack of notice and constructive notice of the filing requirement, absence of prejudice to respondent, and petitioner's reasonableness in remaining

---

[6] The five-factors set forth in *Andrews* are (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *See White*, 42 F. App'x at 700.

ignorant of the legal requirement for filing his claim but does not require proof that an extraordinary circumstance prevented a petitioner from timely filing his habeas petition.").

In *Ross v. McKee*, 465 F. App'x 469 (6th Cir. 2012), the Sixth Circuit again determined that it was appropriate to provide the petitioner with the equitable benefit of the federal mailbox rule for purposes of tolling the statute of limitations. *Id.* at 475-76. However, in that case, the petitioner timely delivered his petition to the state supreme court before the expiration of the filing period. Through counsel, the petitioner attempted to file an application for leave to appeal in the Michigan Supreme Court. Although the application arrived to the Michigan Supreme Court's mailing address on the morning of the last day of the filing period, the clerk did not acknowledge receipt of the application until the following day and denied the application as untimely. *Id.* at 471. Observing that the majority of federal courts consider that delay between delivery and the clerk's docketing of the document is not attributable to the filing party, the Sixth Circuit held that "because [petitioner]'s application arrived timely at the address the Michigan Supreme Court designated for court documents, the federal courts should treat it as timely filed for the purposes of § 2244(d)'s limitations period." *Id.* at 476. The *Ross* court reasoned that "[t]o charge [petitioner] with the clerk's delay in filing his application would be to hold him accountable for circumstances beyond his control." *Id.* at 475. Specifically, the court found that from the point that the documents *arrived* at the Michigan Supreme Court's mailing address, the petitioner "had no control over when the package arrived in the clerk's office, or when the clerk opened it and stamped its contents as 'filed.'" *Id.*

In this case, even if the Court determined that the delay in mailing petitioner's state post-conviction application constituted an extraordinary circumstance, *see e.g. Moore v. Gibson,* 250 F.3d 1295, 1299 (10th Cir. 2001) (finding that prison officials holding the petitioner's mail for

eight days before mailing it to be "hardly extraordinary" in denying the petitioner equitable tolling), petitioner has not demonstrated that he was prevented from filing a timely habeas petition or that he was diligent in pursuing his rights. While it is certainly arguable that the delay prevented petitioner from filing a timely application to reopen, petitioner was not prevented from filing a timely habeas petition in federal court. On February 14, 2011, the Ohio Court of Appeals denied petitioner's application to reopen as untimely, thereby putting petitioner on notice that the pendency of that application would not operate to toll the statute of limitations for filing his habeas petition. *See Vroman*, 346 F.3d at 605. Following the Ohio Supreme Court's dismissal of his subsequent appeal, petitioner had 289 days remaining to file his habeas petition. Petitioner has not argued that he was prevented from filing a timely habeas petition during this time nor has he informed the Court of any extraordinary circumstance that prevented from doing so.[7]

Furthermore, petitioner's delay in filing the instant petition also demonstrates a lack of diligence in pursuing his rights. While petitioner predominantly focuses on his diligence in pursuing his state post-conviction remedies in response to the motion to dismiss, a showing of diligence at the state level is insufficient to merit equitable tolling. *See Fuller v.* Thomas, 110 F. App'x 496, 499 (6th Cir. 2004); *Vroman,* 346 F.3d at 605. Petitioner waited until the end of January of 2012, approximately nine months after the Ohio Supreme Court dismissed his appeal before he "sought out the assistance of a prison law clerk for the first time." (Doc. 11, p. 6). Such a delay demonstrates a lack of diligence. *See Allen v. Yukins,* 366 F.3d 396, 404 (6th Cir. 2004) (finding that a seven-month delay between the conclusion of state post-conviction proceedings and

---

[7] It appears that petitioner mistakenly believed that the statute of limitations expired one year after the Ohio Supreme Court dismissed his appeal on February 14, 2011. (*See* Doc. 11, p. 6). To the extent that petitioner claims he is entitled to equitable tolling on this basis, his claim is without merit. *See Harvey v. Jones*, 179 F. App'x 294, 300 (6th Cir. 2006) ("even reasonable mistakes of law are not basis for equitable tolling.") (citing *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004)); *see also Hall*, 662 F.3d at 752 (finding the petitioner's pro se status insufficient to warrant the equitable tolling of the statute of limitations).

filing of federal habeas petition did not support the application of equitable tolling); *see also Vroman*, 346 F.3d at 606 (holding that after the Ohio Court of Appeals dismissed the petitioner's post-conviction petition as untimely, his "decision to proceed solely to the Ohio Supreme Court, rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence"). Because petitioner has not demonstrated that he was prevented from filing a timely habeas petition or that he was diligent in pursuing the instant action, petitioner is not entitled to equitable tolling based on prison officials' delay in mailing his application to reopen.

Petitioner also contends that the limitations period should be tolled during the pendency of his September 1, 2010, petition to vacate or set aside judgment of conviction or sentence. (Doc. 11, p. 5). Although the trial court denied the petition as being untimely on September 24, 2010, petitioner argues that the limitations period should be tolled until March of 2012, when he indicates he was informed of the court's decision. *Id.* at 6. For support, petitioner cites to *Miller v. Collins*, 305 F.3d 491 (6th Cir. 2002). In that case, the petitioner was not notified that his post-conviction application was denied by the Ohio Court of Appeals until six months after the decision. *Id.* at 492-93. Finding that petitioner lacked notice that the AEDPA clock was running and that he was diligent in pursuing his claims, the Sixth Circuit held that the statute of limitations should be equitably tolled during the six months between the decision and when the petitioner was notified. *Id.* at 495-96.

In contrast to *Miller*, petitioner has not demonstrated that he diligently pursued his rights. In reaching its decision, the *Miller* court found that the petitioner "acted diligently to protect his rights both before and after receiving notice." *Id.* at 496. Specifically, the court found that petitioner did not "passively await" a decision on his post-conviction application, noting that the

15

petitioner filed a motion to proceed to judgment within nine months of filing.[8]  In the instant case, petitioner filed his petition to vacate sentence on September 1, 2010.  On February 13, 2012, at the suggestion of the prison law clerk, petitioner contacted the Hamilton County Clerk of Courts to determine the status of his petition.  (Doc. 11, p. 6).  However, in waiting over seventeen months to inquire about the petition, petitioner "failed in his duty to monitor the status of his appeal" and was not sufficiently diligent to warrant equitable tolling of the limitations period in this case. *Winkfield v. Bagley*, 66 F. App'x 578, 583-84 (6th Cir. 2003); *See also Keeling v. Warden*, 673 F.3d 452, 463-64 (6th Cir. 2012); *Elliot v. Dewitt*, 10 F. App'x 311, 312-13 (6th Cir. 2001).

After careful consideration of the arguments presented by petitioner, the undersigned finds that petitioner is not entitled to equitable tolling.  Because equitable tolling principles do not apply to extend the limitations period in this case, the instant habeas corpus petition, filed after the statute of limitations had run its course, is time-barred.

Accordingly, in sum, the undersigned concludes that under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), the petition is time-barred and should be dismissed.  Therefore, respondent's motion to dismiss (Doc. 7) should be **GRANTED** and the habeas corpus petition (Doc. 1) should be **DISMISSED** with prejudice because it is barred from review by the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A).

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 7) be **GRANTED**, and that petitioner's petition

---

[8] The Sixth Circuit reasoned that "[g]iven that the Ohio Court of Appeals considered Miller's sufficiency of the evidence appeal for five months, it was not unreasonable that Miller waited nine months before asking the court to rule on his application." *Id.* at 496.  A review of the Hamilton County online docket in petitioner's case does not suggest that petitioner would have a reasonable expectation that it would take the Ohio trial court over a year to rule on his petition to vacate or set aside judgment of conviction or sentence. (*See* Doc. 7, Ex. 26) (also found at www.courtclerk.org under Case No. B-081279).

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to the statute of limitations issue addressed herein because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural ruling" under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).[9]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. See Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: March 6, 2013   s/ J. Gregory Wehrman
J. Gregory Wehrman
United States Magistrate Judge

---

[9] Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. See *Slack*, 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MICHAEL D. JACKSON,　　　　　　　　　　Case No. 1:12-cv-230
　　Petitioner,
　　　　　　　　　　　　　　　　　　　　　Spiegel, J.
　vs.　　　　　　　　　　　　　　　　　　Wehrman, M.J.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
　　Respondent.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).